UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-_____-CIV-X/x

| | |
|---|---|
| **Didier del Pontigo**, individually, and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>**Blue Line Transport, Inc.**, a for profit Florida corporation, and;<br>**Roberto Acuna**, individually,<br><br>    Defendants. | CLASS REPRESENTATION |

# FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Didier del Pontigo, individually, and on behalf of others similarly situated, sues Defendants, Blue Line Transport, Inc. and Roberto Acuna, and alleges:

## JURISDICTIONAL ALLEGATIONS

1. This lawsuit is an action to recover money damages for unpaid minimum wages, unpaid overtime wages, and retaliation brought under the laws of the United States of America and under Florida common law and statutes, including §448, Florida Statutes. This Court enjoys jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., §§201-219 ("FLSA"), 28 U.S.C. §1367, §448, Florida Statutes, and § 24, Art. X of the Florida Constitution.

2. Plaintiff Didier del Pontigo worked as a dispatcher for a trucking company known as Blue Line Transport, Inc. He was employed from approximately August 2018 through early April 2020.

3. Mr. del Pontigo, together with any other person who may hereafter consent to join in this lawsuit, is and are "employees" within the meaning of 29 U.S.C. §203(e). He was employed from approximately August 2018 through early April 2020.

4. Defendant Blue Line Transport, Inc., is a Florida corporation and a "person" and "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to as "BLUE LINE". Defendant Blue Line, individually and as a group – together and with others through which it operates – are an "Employer" and an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

5. Blue Line is owned and/or controlled by Defendant Roberto Acuna and another individual named Andrea Agostinelli, who are also "persons" and "employers" within the meaning of the 29 U.S.C. §203 (a) and (d). Defendant Roberto Acuna may hereinafter be referred to as "Acuna". Defendants Blue Line and Acuna, individually and as a group are an "Employer" and – together and with others through which they operate, including Mr. Andrea Agostinelli – are an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s). Defendants may be hereinafter referred to as "Employer", individually and jointly.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiff,

and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

## CLASS ALLEGATIONS UNDER THE FLSA

8. The Plaintiff is similarly situated to other persons employed as a "dispatcher" by the Employer during any part of the preceding three-year period commencing upon the filing of this lawsuit.

9. The named Plaintiff, and those similarly situated, work or worked for a flat rate weekly salary without regard to the number of hours worked. In fact, the Employer does not keep time-keeping records for hours worked by the Plaintiff, others similarly situated, or any of its employees.

10. The Employer required that Plaintiff and certain other employees "incorporate" so that Employer might pay them as though they were not employees at all, even when said employees were required to work a schedule, and well in excess of 40 hours per workweek.

11. In addition to the flat, weekly salary, the Plaintiff was supposed to be paid a commission based upon sales generated on a weekly basis, however, no payment is actually made on account of commissions through the named Plaintiff's tenure of employment.

12. Plaintiff was required to work at least a 40 hour per week schedule, but in addition, was required to remain on call to answer the Employer's phone, remotely, 24 hours per day, every day of the week, in addition to the more than 40 hours worked at the Employer's workplace. This was accomplished by a "*72 and *73 function" on the Employer's phone system by which all of the calls received by the Employer would be forwarded to the personal cell phone of the Plaintiff and others similarly situated. It was also accomplished by requiring that Plaintiff provide his

personal cell phone number to all drivers so that they could speak to him at any time of the day, every day of the week, throughout Plaintiff's tenure of employment.

13. Plaintiff was not always paid his salary when due or on the regularly scheduled payday.

## RETALIATION ALLEGATIONS

14. Frequently during the last seven (7) months of his employment with Employer, Plaintiff del Pontigo exercised rights protected under the FLSA by complaining to Defendants that he was not being paid even a minimum hourly wage for all hours he worked, and was not paid at all for overtime hours. Shortly after complaining, Defendants retaliated against del Pontigo by, *inter alia*, terminating his employment on or about April 1, 2020.

15. Plaintiff del Pontigo suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to the timely payment of minimum wages and overtime wages.

## ATTORNEY'S FEES

16. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

17. Plaintiff and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiffs are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

– COUNT I –
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**

Plaintiff, and others similarly situated, reallege ¶¶ 1-13, 16-17, as though fully set forth here.

18. At all times during their employment, the Plaintiff and others similarly situated were employees required to be finally and unconditionally paid a minimum hourly wage for every hour worked during the applicable, established pay period. Further, they were entitled to receive such compensation on the established regular pay date.

19. Since on or about April, 2017 through the present ("the applicable statutory period covered by the FLSA"), the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiff, and other similarly situated employees, a minimum hourly wage during numerous applicable pay periods by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law; (b) failing to pay the required wages on the date due.

20. At all times material to this action, the Employer failed to comply with 29 U.S.C. §§ 201-219 and 29 C.F.R., § 516.1, *et. seq.* in that Plaintiff, and those similarly situated, performed services for the benefit of the Defendants for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, which occasionally establish higher applicable minimum wage rates made applicable under the FLSA.

21. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely and unconditional payment of minimum wages, and remains owing the named Plaintiff and other similarly situated employees all unpaid minimum hourly wages for every

hour worked during the three year period preceding this lawsuit, together with a like sum on account of liquidated damages.

WHEREFORE, Plaintiff, and others similarly situated demand the following: payment of minimum wages for every hour worked during every pay period, or such greater amount as may be allowed under the FLSA, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Also, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

### – COUNT II –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime Wages)**

Plaintiff, and others similarly situated, reallege ¶¶ 1-13, 16-17, as though fully set forth here.

22. At all times during his employment, Plaintiff, and those similarly situated, was a protected employee required by law to be paid by the hour for work performed for the Employer and required to be paid at the rate of one-and-half times his regular hourly rate for those hours he worked in excess of forty during any given workweek.

23. Plaintiff routinely worked many overtime hours per week but his overtime hours worked were routinely and systematically not paid at the premium rate, or at all.

24. Other current and former similarly situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiff, were also not paid overtime wages as required by law.

25. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219; 29 C.F.R., Part 516 – Records to be Kept, and; 29 C.F.R. Part 778 – Overtime Compensation, as well as other applicable authority in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the premium rate for all hours worked in excess of forty (40) hours per workweek. Other persons who are – or who may become – Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer. Said other persons were also subject to the payroll practices and procedures described above.

26. The Employer failed to pay overtime compensation to Plaintiff, and those similarly situated, based upon factors to include the following: (a) Plaintiff was not paid for most of the many hours he worked in excess of forty during the vast majority of his workweeks; (b) the Employer completely failed to maintain the types of books and records and policies necessary and required to establish the commencement of the workweek for overtime wage calculation purposes; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked, or ever.

27. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double or liquidated damages.

WHEREFORE, Plaintiff and others similarly situated request all unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act. In the event that Plaintiff and those similarly situated employees do not

recover liquidated damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

### – COUNT III –
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Retaliation by Employers)

Plaintiff realleges ¶¶ 1 through 17, as though fully set forth herein.

28. Plaintiff exercised rights protected under the FLSA by complaining and demanding vindication of his right to collect timely payment of a minimum hourly wage for every hour worked, and overtime wages at the premium rate for hours worked in excess of forty in a workweek.

29. Almost immediately after exercising his protected rights under the FLSA, and as a result of such exercise, Plaintiff suffered adverse employment consequences.

30. At all times material to this action, the Employer violated 29 U.S.C. §215(a)(3) in that Defendant retaliated against Plaintiff for asserting rights under the FLSA.

31. The Employer knew and/or showed a reckless disregard of the provisions of the FLSA concerning the prohibition against retaliation against the assertion of FLSA rights and thus is liable to compensate the Plaintiffs for unpaid wages, compensatory damages, back wages, front wages, liquidated damages, punitive damages and other equitable relief.

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demand the following: reinstatement of employment, promotion, lost wages, back pay, front pay, compensatory damages, pre-judgment interest, and punitive damages pursuant to the Fair Labor Standards Act to be proven at the time of trial and for such further relief as may be permitted by the FLSA, together with court costs and attorney's fees.

## – COUNT IV –
## BREACH OF AGREEMENT TO PAY WAGES
### (Failure to Pay Agreed Wages)

Plaintiff, and others similarly situated, reallege ¶¶ 1-5, 16-17, as though fully set forth here.

32.     At all times during his employment, the Plaintiff, and those similarly situated, were employees whom the Employer had agreed to pay at wages representing at least the greater of a flat rates salary or the combined highest applicable minimum hourly wage for every hour worked – including overtime for hours worked in excess of 40 in a workweek – plus commissions earned during each pay period.

33.     Commission were to be paid based upon gross revenues or sales generated by Plaintiff on a weekly basis.

34.     The Employer breached the agreement by failing to pay any part of the commission component of the Plaintiff's compensation in its entirety, and by failing to pay at least a minimum hourly wage and/or overtime.

35.     At the time his employment with the Employer ended, the Employer owed Plaintiff wages and commissions which have not been paid.

36.     Plaintiff has fulfilled applicable conditions precedent, if any, to bringing this cause of action.

WHEREFORE, Plaintiff, and those similarly situated, demand the following: payment of all accrued unpaid wages and commissions and payments promised under the pay plan, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## **JURY DEMAND**

37. Plaintiff demands trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: April 20, 2020

Anthony F. Sanchez, P.A.
Attorneys for Plaintiff
6701 Sunset Drive, Suite 101
Miami, Florida 33143
Tel.: 305-665-9211
Fax: 305-328-4842
Email: afs@laborlawfla.com

By: /s/ Anthony F. Sanchez
     Anthony F. Sanchez
     Florida Bar No. 789925
